**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Kenneth Perkins, *individually and on behalf of others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>Resurgent Capital Services, L.P.,<br><br>    Defendant.<br>_____/ | **COMPLAINT - CLASS ACTION**<br><br>(**JURY TRIAL DEMANDED**) |

## CLASS ACTION COMPLAINT

**COMES NOW** Plaintiff Kenneth Perkins ("Plaintiff"), and brings this class action against Defendant Resurgent Capital Services, L.P. ("Defendant") for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, alleging as follows:

### Nature of this Action

1. Plaintiff brings this class action against Defendant under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as the Defendant has its principal place of business in Greenville, South Carolina, within this Court's district.

**Parties**

6. Plaintiff is a natural person.

7. Plaintiff resides in Las Vegas, Nevada.

8. Defendant is a debt collection agency.

9. Defendant is headquartered in Greenville, South Carolina.

10. Defendant is a "person" as provided in 47 U.S.C. § 227(b)(1)

**Factual Allegations**

11. Plaintiff is, and has been for approximately three and-a-half years or more, the sole and customary user of his cellular telephone number—(XXX) XXX- 8098.

12. In or around April 2023, Defendant began placing calls to telephone number (XXX) XXX-8098.

13. For example, Defendant placed calls to telephone number (XXX) XXX-8098 on April 22, 2023 and April 29, 2023:



14. Defendant placed the calls to (XXX) XXX-8098 from telephone number (866) 205 – 6307.

15. When dialed, telephone number (866) 205 – 6307 plays an artificial or prerecorded voice greeting that includes: "Thank you for calling Resurgent Capital Services, L.P."

16. Upon information and belief, Defendant placed its calls to telephone number (XXX) XXX-8098 intending to reach someone other than Plaintiff.

17. In connection with at least two of its calls to telephone number (XXX) XXX-8098, Defendant delivered an artificial or prerecorded voice message.

18. For example, Defendant delivered artificial or prerecorded voice messages to telephone number (XXX) XXX-8098 on April 22, 2023 and April 29, 2023.

19. An artificial or prerecorded voice message Defendant delivered to telephone number (XXX) XXX-8098 on April 22, 2023 states:

> We'd like to welcome you to Resurgent Capital Services, a debt collection company. We're reaching out to let you know your account has a new home here. Our customers enjoy the flexibility of viewing account information and customizing payment plans for their account online 24/7 at https://secure.resurgent.com/welcome or by calling us at 866-559-6648. We look forward to working with you. This is an attempt to collect a debt and any information obtained will be used for that purpose.

20. An artificial or prerecorded voice message Defendant delivered to telephone number (XXX) XXX-8098 on April 29, 2023 states:

> We'd like to welcome you to Resurgent Capital Services, a debt collection company. We're reaching out to let you know your account has a new home here. Our customers enjoy the flexibility of viewing account information and customizing payment plans for their account online 24/7 at https://secure.resurgent.com/welcome or by calling us at 866-559-6648. We look forward to working with you. This is an attempt to collect a debt and any information obtained will be used for that purpose.

21. Defendant's use of an artificial or prerecorded voice in the April 22, 2023 and April 29, 2023 messages is demonstrated by, *inter alia*, the identical content, sound, and cadence of the two messages.

22. Defendant's records will identify each call it placed to telephone number (XXX) XXX-8098.

23. Defendant's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (XXX) XXX-8098.

24. Defendant did not have Plaintiff's prior express consent to place any calls to telephone number (XXX) XXX-8098.

25. Defendant did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to telephone number (XXX) XXX-8098.

26. Plaintiff never provided telephone number (XXX) XXX-8098 to Defendant in connection with any use of Defendant's services.

27. Plaintiff never had any business relationship with Defendant.

28. Plaintiff is not the owner of an account placed with Defendant for collection.

29. Defendant placed the subject calls to telephone number (XXX) XXX-8098 for non-emergency purposes.

30. Defendant placed the subject calls to telephone number (XXX) XXX-8098 voluntarily.

31. Defendant placed the subject calls to telephone number (XXX) XXX-8098 under its own free will.

32. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice message, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

33. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

34. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> **All persons throughout the United States (1) to whom Resurgent Capital Services, L.P. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the owner of an account placed with Resurgent Capital Services, L.P. for collection, (3) in connection with which Resurgent Capital Services, L.P. used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.**

35. Excluded from the class is Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

36. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

37. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

38. The proposed class is ascertainable because it is defined by reference to objective criteria.

39. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

40. Plaintiff's claims are typical of the claims of the members of the class.

41. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

42. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

43. Plaintiff's claims are based on the same theories as the claims of the members of the class.

44. Plaintiff suffered the same injuries as the members of the class.

45. Plaintiff will fairly and adequately protect the interests of the members of the class.

46. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

47. Plaintiff will vigorously pursue the claims of the members of the class.

48. Plaintiff has retained counsel experienced and competent in class action litigation.

49. Plaintiff's counsel will vigorously pursue this matter.

50. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

51. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

52. Issues of law and fact common to all members of the class are:

    a. Defendant's violations of the TCPA:

    b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

    c. Defendant's conduct, pattern, and practice as it pertains to placing calls in connection with which it used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

    d. Defendant's use of an artificial or prerecorded voice; and

    e. The availability of statutory penalties.

53. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

54. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

55. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

56. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

57. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

58. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

59. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

60. There will be little difficulty in the management of this action as a class action.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

61. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-60.

62. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the mem

63. bers of the class, without consent.

64. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

65. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

g) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

h) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

i) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Respectfully submitted,

                          DAVE MAXFIELD, ATTORNEY, LLC

                          s/ David A. Maxfield

                          _____
                          Dave Maxfield, Esq., FED ID No. 6293
                          P.O. Box 11865
                          Columbia, SC 29211
                          (803) 509-6800
                          dave@consumerlawsc.com

August 15, 2023